UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| LARRY KEITH HUDDLE, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 2:15-cv-291-JRG-MCLC |
| | ) |
| v. | ) |
| | ) |
| AMY M. HONOSKI, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Acting *pro se*, Larry Keith Huddle, Jr., an inmate confined in the Sullivan County Detention Center, has submitted this civil rights complaint for damages under 42 U.S.C. § 1983, as well as an application for leave to proceed without payment of fees or costs.

**I.     The Filing Fee**

Plaintiff's application to proceed *in forma pauperis* reflects that he has a zero (0) balance in his inmate trust account [Doc. 3 p. 3], but it remains that, as a prisoner, he is responsible for paying the filing fee. 28 U.S.C. § 1915(b)(1). Thus, his application is **GRANTED**, but he is **ASSESSED** the full filing fee of three-hundred fifty dollars ($350.00). *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

Pursuant to 28 U.S.C. § 1915(b), the custodian of Plaintiff's inmate trust account at the institution where he now resides is **DIRECTED** to submit to the Clerk, USDC; 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but

only when such monthly income exceeds ten dollars ($10.00), until the full $350.00 filing fee has been paid to the Clerk. 28 U.S.C. § 1915(b)(2). [1]

To ensure compliance with the portion of the Prison Litigation Reform Act ("PLRA") relating to payment of the filing fee, the Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of Plaintiff's inmate trust account at the Sullivan County Detention Center. The Clerk is further **DIRECTED** to forward a copy of the Memorandum and Order to the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.     Screening the Complaint

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g., Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

In screening this complaint, the Court bears in mind that *pro se* pleadings filed in civil rights cases must be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, the pleading must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means that the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

---

[1] Typically, the Court assesses an initial partial filing fee. However, because Plaintiff has a zero balance in his trust account, an initial partial fee will not be assessed. *McGore*, 114 F.3d at 606 (explaining that "no initial partial filing fee payment is required when a prisoner has [] no funds in a trust account").

The "facial plausibility" standard does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678 (citations and internal quotation marks omitted). The standard articulated in *Twombly* and *Iqbal* "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

### III.   Plaintiff's Allegations

In his complaint, Plaintiff states that he called the Sullivan County Public Defender's Office to obtain information regarding the process to "bond out" [Doc. 1 p. 3]. Plaintiff claims to have spoken to Defendant Amy Honoski, who is the legal assistant for Sullivan County Public Defender's Office [*Id*.]. Plaintiff asserts that Defendant Honoski stated that she "wasn't doing anything to help [him]" [*Id*.]. When asked why she refused help Plaintiff, Defendant responded " . . . you have to make bond anyway and won't be able to get out . . ." [*Id*. at 4]. Plaintiff alleges that Defendant Honoski made her opinion clear that she does not believe he deserves to get out of jail because he is a sex offender [*Id*.]. Plaintiff claims that Defendant Honoski has been "very combative with [him]" on numerous occasions and "unable to get along with" [*Id*.].

Plaintiff argues that Defendant Honoski violated the "code of ethics in which she and her office are bound [sic]" and "showed discrimination toward [Plaintiff]" based on his status as a sex offender [*Id*.]. Plaintiff further argues that he is unable to trust the Sullivan County Public Defender's Office or anyone appointed to assist him due to these actions [*Id*.]. Plaintiff requests that Defendant Honoski have ethical violations brought against her and that she be fired from her job [*Id*. at 5]. In addition, Plaintiff seeks monetary damages for the alleged discrimination [*Id*.].

### IV.   Sullivan County Public Defender's Office

3

Although there appears to be limited, if any, case law in the Sixth Circuit addressing whether a public defender's office is a "person" for purposes of § 1983, the Third Circuit, in a lengthy opinion on a similar question, held that a district attorney's office is not a person within the meaning of § 1983, because a district attorney's office is not a body politic or corporate. *Reitz v. County of Bucks*, 125 F.3d 139 (3rd Cir. 1997). The reasoning in *Reitz* parallels that in *Petty v. County of Franklin, Ohio*, 478 F.3d 341, 347 (6th Cir. 2007) and *Matthews v. Jones*, 35 F. 3d 1046, 1049 (6th Cir. 1994), in which the Sixth Circuit determined that a sheriff's office/department is not a person within the meaning of § 1983 for the same reason. For those same reasons, the Court finds that a public defender's office is not a "person" within the meaning of § 1983.

Even if it were determined that the Sullivan County Public Defender's Office is a "person" within the meaning of § 1983, it is apparent from the complaint that Plaintiff's allegations as to the Sullivan County Public Defender's Office is that it is liable for the actions, or inactions, provided by Defendant Honoski as the office's legal assistant. The law is well established, however, that actions brought against state actors cannot be maintained on a theory of *respondeat superior*, *see e.g., Monell v. Dept. of Social Serv's of The City of New York, et al.*, 436 U.S. 658, 659, 691-95 (1978); *Taylor v. Michigan Dep't of Corrections*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982), unless the defendant was personally involved in the alleged violations of plaintiff's constitutional rights, *see e.g., Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). In order for vicarious liability to attach, the Sullivan County Public Defender's Office would have had to have "encouraged . . . directly participated . . . authorized, approved, or

knowingly acquiesced . . ." in the violations alleged. *See Shehes v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

Plaintiff does not allege that the Sullivan County Public Defender's Office was directly responsible for any of the alleged actions of Defendant Honoski.  Nor does Plaintiff allege that Defendant Honoski acted pursuant to a policy or custom attributable to the Sullivan County Public Defender's Office that violated his constitutional rights.  Therefore, even if the Sullivan County Public Defender's Office were a "person" within the meaning of § 1983, it is not liable to Plaintiff under the doctrine of *respondeat superion*.

Plaintiff's claims against the Sullivan County Public Defender's Office lack an arguable basis in law or fact.  Accordingly, it will be **DISMISSED** as frivolous.

**V.     Amy Honoski**

Plaintiff's complains that he was discriminated against by Defendant Honoski, the legal assistant at the Sullivan County Public Defender's Office [Doc. 1 p. 3].  Plaintiff's allegations make a general assertion of discrimination, however, Plaintiff has not set forth any significant facts in support of this assertion beyond stating that Defendant Honoski was rude to him on the telephone. Taking Plaintiff's allegations as truth, being rude and laughing at Plaintiff is not a violation of Plaintiff's constitutional rights.  Plaintiff has not alleged any specific policy, custom, or practice of legal assistants at the Sullivan County Public Defender's Office with regard to any alleged discrimination, thereby negating any potential discrimination claim against Defendant Honoski in her official capacity.  Additionally, Plaintiff has not alleged any harm to his case or his ability to make bond caused by Defendant Honoski.

Accordingly, Plaintiff's allegations against Defendant Honoski are **DISMISSED** for failure to state a claim upon which relief may be granted.

**VI. Conclusion**

For the reasons set forth herein, Plaintiff's application to proceed *in forma pauperis* [Doc. 1] is **GRANTED**. However, the Court finds that Plaintiff's contentions fail to state § 1983 claims against Defendants and therefore, this case will be **DISMISSED** *sua sponte* in its entirety under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**AN APPROPRIATE ORDER WILL ENTER.**

s/J. RONNIE GREER<br>
UNITED STATES DISTRICT JUDGE